IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

Leroy E. Glaze, #255218,                )
                                        )    Civil Action No. 6:06-1525-PMD-WMC
                    Petitioner,         )
                                        )    **REPORT OF MAGISTRATE JUDGE**
        vs.                             )
                                        )
Warden Ridgeland Correctional          )
Institution; Jonathan Ozmint; and      )
Henry McMaster, Attorney General       )
of South Carolina,                     )
                                        )
                    Respondents.        )
_____)

The petitioner, a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

## BACKGROUND OF THE CASE

The record reveals that the petitioner is currently incarcerated in Ridgeland Correctional Institution of the South Carolina Department of Corrections pursuant to orders of commitment from the Clerk of Court of Beaufort County. The petitioner was indicted in November 1998 for two counts of distribution of crack cocaine. Attorney Eve M. Fleming represented the petitioner on the charges. The petitioner entered a guilty plea to both charges on December 16, 1998. The Honorable Gerald C. Smoak heard and accepted the plea and subsequently sentenced the petitioner to 10 years imprisonment on each count,

concurrent.  The judge also revoked the petitioner's probation on existing convictions for possession of crack cocaine and unlawful possession of a weapon, and reinstated five years of the sentence, concurrent with the newly imposed sentences.  The petitioner appealed.

Tara S. Taggart, Assistant Appellate Defender of the South Carolina Office of Appellate Defense, represented the petitioner on appeal.  Appellate counsel filed a "Final *Anders* Brief of Appellant"[1] on July 26, 1999, in the South Carolina Court of Appeals, and raised the following single issue:

> Whether the court erred in accepting appellant's guilty plea without conforming to the mandates of *Boykin v. Alabama*.

Appellate counsel also filed a petition to be relieved from appointment as she considered the appeal to be without merit.  The South Carolina Court of Appeals advised the petitioner by letter dated July 27, 1999, that he was allowed to submit any additional information in accordance with the *Anders* review.  The petitioner did not file a response.  On February 15, 2000, the appellate court issued an unpublished opinion dismissing the appeal.  *State v. Glaze,* Unpub. Op. No. 2000-UP-089 (S.C.Ct.App. filed February 15, 2000).  The petitioner did not seek review from the Supreme Court of South Carolina.  The Court of Appeals issued the remittitur on March 7, 2000.

On May 11, 2000, the petitioner filed a *pro se* application for post-conviction relief ("PCR"), in which he raised the following claims:

(a)    Ineffective Assistance of Counsel;

(b)    Involuntary Plea.

On October 22, 2001, the State made its return to the application.  An evidentiary hearing was held on September 3, 2002, before the Honorable John M. Milling.  Attorney Donald Colongeli represented the petitioner in the action.  At the conclusion of the hearing, the

---

[1]*Anders v. California*, 386 U.S. 738 (1967).

PCR judge denied relief.  On October 29, 2002, the PCR judge issued a written order denying relief.  The petitioner appealed.

Daniel T. Stacey, Chief Attorney of the South Carolina Office of Appellate Defense, represented the petitioner on appeal.  On June 5, 2003, appellate counsel filed a *Johnson*[2] petition for writ of certiorari in the Supreme Court of South Carolina and raised the following issue:

> Whether the court erred when it determined that petitioner could not be resentenced as a second offender?

Appellate counsel also moved to be relieved from appointment as he considered the appeal to be without merit.  On December 5, 2003, the Supreme Court of South Carolina denied the petition to be relieved of appointment, and directed a new petition be submitted addressing the following issue:

> Did the PCR judge err in ruling that petitioner's prior uncounseled conviction for possession of marijuana was a valid conviction for enhancement purposes?

On March 31, 2004, Robert M. Dudek, Assistant Appellate Defender of the South Carolina Office of Appellate Defense, submitted a petition for writ of certiorari on the petitioner's behalf.  The State filed a return on August 16, 2004.  On October 20, 2004, the Supreme Court of South Carolina granted the petition.  On February 18, 2005, appellate counsel filed the brief of petitioner.  On June 10, 2005, the State filed its brief of respondent.  On October 17, 2005, the Supreme Court of South Carolina affirmed the denial of relief.  *Glaze v. State*, Opinion No. 26049 (S.C.Sup.Ct. Filed October 17, 2005).[3]  The state supreme court issued the remittitur on November 2, 2005.

In his *pro se* petition now before this court, the petitioner raises the following issues (verbatim):

---

[2]*Johnson v. State*, 294 S.C. 310, 364 S.E.2d 201 (1988).

[3]366 S.C. 271, 621 S.E.2d 655 (2995).

**Ground One:**  Denied the Actual Effective Assistance of Criminal Defense Attorney.

**Supporting Facts:**  Petitioner's criminal defense attorney rendered the actual ineffective assistance of counsel in failing to object to the offense: distribution of crack cocaine 3rd offense; and failing to object to the uncounsel marijuana prior drug related record.

**Ground Two:** : Involuntary Guilty Plea(s).

**Supporting Facts:**  Petitioner plead guilty to distribution of crack cocaine third offense when this is his first conviction for distribution of illicit drug(s) although he has a history of drug related conviction(s). The record shows that he was admonished by the criminal trial court on the element(s) of distribution of crack cocaine third offense.

On August 16, 2006, the respondents filed a motion for summary judgment. By order filed August 17, 2006, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion.  The petitioner filed his own motion for summary judgment on September 8, 2006, and his response to the respondents' motion on September 25, 2006.

## APPLICABLE LAW

Title 28, United States Code, Section 2254(d) and (e) provides in pertinent part as follows:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

4

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

(e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

Title 28, U.S.C., Section 2244(d) provides:

(1)    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

## ANALYSIS

In ground one, the petitioner contends that he was denied effective assistance of counsel at his guilty plea because his attorney failed to object to the inclusion of his prior marijuana conviction in presenting at sentencing that he was a third time offender. He

further alleges that his guilty plea counsel was ineffective because the attorney failed to object to the use of the prior conviction to increase sentence exposure.

The respondents argue that the state court's rejection of the petitioner's argument was not "contrary to" and did not involve "an unreasonable application of" clearly established federal law, as determined by the United States Supreme Court.  28 U.S.C. § 2254(d)(1).  Claims of ineffective assistance of counsel are governed by the two-part test established in *Strickland v. Washington*, 466 U.S. 668 (1984).  First, the petitioner "must show that counsel's performance was deficient."  *Id.* at 687.  To prove deficiency, the petitioner "must show that counsel's representation fell below an objective standard of reasonableness."  *Id.* at 688.  Second, the petitioner must show that the deficient performance actually prejudiced him.  Review of counsel's performance is "highly deferential."  *Id.* at 689.  With respect to guilty plea counsel, a petitioner must show that there is a reasonable probability that, but for counsel's alleged errors, he would not have pleaded guilty and would have insisted on going to trial.  *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

The PCR judge denied relief on this issue, finding that the petitioner did not show error and prejudice under *Strickland* and *Hill* (app. 83).  The petitioner did not dispute the fact of his prior conviction or the fact that the disposition was "time served" (app. 52-53).  Thus, the issue was strictly application of the law, i.e., whether counsel should have objected to use of the prior conviction to enhance sentence exposure and whether the objection would have affected the result of the proceeding.  The PCR judge, interpreting and applying federal precedent, found that the conviction was properly used as there was no imposition of a sentence as a result of the plea itself (app. 81).  Further, the PCR judge noted that the petitioner received a 10-year sentence.  Even if the prior offense was disallowed, the petitioner would still be considered a second time offender and sentence exposure would be a maximum of 25 years as opposed to 30 years maximum on the third

6

offense. Both were no-parole offenses (app. 81). The PCR judge concluded there was no

prejudice. *Id.*

In reviewing the denial of relief, the Supreme Court of South Carolina, also

interpreting and applying federal precedent, agreed with the PCR judge:

> In *Argersinger v. Hamlin*, the United States Supreme Court held
> "that absent a knowing and intelligent waiver, no person may be
> imprisoned for any offense, whether classified a petty,
> misdemeanor, or felony, unless he was represented by counsel
> at his trial." 407 U.S. 25, 37, 92 S.Ct. 2006, 2012, 32 L.Ed.2d
> 530, 538 (1972). In *Scott v. Illinois*, the Court clarified that when
> imprisonment is an authorized punishment but is not actually
> imposed on an unrepresented defendant convicted of a
> misdemeanor, there is no abrogation of the right to counsel.
> 440 U.S. at 373-74, 99 S.Ct. at 1162, 59 L.Ed.2d at 389. In
> other words, actual imprisonment is the event that triggers the
> right to counsel. *Id.* Moreover, in *Nichols v. United States*, the
> Court held "that an uncounseled misdemeanor conviction, valid
> under *Scott* because no prison term was imposed, is also valid
> when used to enhance punishment at a subsequent conviction."
> 511 U.S. at 748-49, 114 S.Ct. At 1928, 128 L.Ed.2d at 755.

(Opinion 4-5).

The court reasoned that "[t]he proper inquiry under *Scott* is whether the

uncounseled misdemeanor conviction actually resulted in confinement" (opinion 5). The

court further noted that the facts in the instant case showed "[t]he reason that Petitioner

spent ten days in jail is he was charged with a misdemeanor and could not post bail";

therefore, the petitioner "was subjected to no period of confinement as a result of his

uncounseled marijuana conviction" and no constitutional violation occurred, and the prior

conviction was properly used for enhancement (opinion 5-6). The court concluded that

counsel did not render ineffective assistance in not objecting and affirmed the denial of

relief (opinion 6).

The petitioner has failed to show that the state court's decision was contrary

to or involved an unreasonable application of clearly established federal law. The court

identified and properly applied federal law involving ineffective assistance of counsel claims

7

as well as federal precedent regarding use of the prior conviction.  Accordingly, the claim fails.

In ground two, the petitioner alleges that his guilty plea was involuntary because he pleaded guilty to distribution of crack cocaine third offense "when this is his first conviction for distribution of illicit drug(s) although he has a history of drug related conviction(s)" (habeas pet. 7).  The respondents suggest that the petitioner is alleging that his plea was involuntary because he was not advised of the elements of distribution of crack cocaine, third offense (resp. brief. 11).  The petitioner did not raise this claim in his PCR application, nor was it raised at the hearing or in the order of dismissal.  He also did not raise the issue on appeal.  If a petitioner before a federal district court fails to raise a claim in state court, and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in state courts.  In such a case, a federal district court is barred from considering the habeas claim absent a showing of cause and actual prejudice or that failure to consider the claim will result in a fundamental miscarriage of justice, as the exhaustion requirement is technically met and the rules of procedural bar apply.  *Matthews v. Evatt*, 105 F.3d 907, 916 (4th Cir. 1997) (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).  The petitioner has failed to make such a showing.  Accordingly, the claim is procedurally barred from review.

To the extent that the petitioner is alleging that his plea was involuntary because he did not realize the offense would be treated as a third offense and did not realize that he would not be eligible for parole, the PCR court noted (app. 71-72) that the record from the guilty plea showed that the fact the petitioner was pleading to a third offense was discussed (app. 2-3, 14-15), and defense counsel asked for a lighter sentence because this was a no-parole offense (app. 9).  This claim fails on the merits.  The transcript indicates that the petitioner understood the elements of the crime, the facts of the crime, and the consequences of pleading guilty (app. 2-5, 13).  *See generally Boykin v.*

8

*Alabama*, 395 U.S. 238, 243-44 (1969) (requiring the record reflect the defendant voluntarily and understandingly enters his guilty plea by inquiry of same).  Further, as set forth above, the South Carolina Supreme Court's decision regarding the use of the prior uncounseled conviction to increase the petitioner's sentence exposure was not contrary to and did not involve an unreasonable application of clearly established federal law.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, the respondents' motion for summary judgment should be granted, and the petitioner's motion for summary judgment should be denied.

s/ William M. Catoe
United States Magistrate Judge

January 22, 2007

Greenville, South Carolina

9