**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION**

| | |
|---|---|
| Leroy E. Glaze, #255218,           )<br>                                                    )<br>                            Petitioner,   )<br>                                                    )<br>v.                                              )<br>                                                    )<br>Warden Ridgeland Correctional Institution;  )<br>Jonathan Ozmint; and Henry McMaster,  )<br>Attorney General of South Carolina,       )<br>                                                    )<br>                            Respondents.  )<br>_____)  | C.A. No.: 6:06-01525-PMD<br><br>**ORDER** |

Petitioner Leroy E. Glaze ("Petitioner"), a state prisoner proceeding without the assistance of counsel, seeks *habeas corpus* relief under Title 28, United States Code Section 2254. This matter has been reviewed by United States Magistrate Judge William M. Catoe and is currently before the court upon the Magistrate Judge's recommendation that summary judgment be entered in favor of Respondents. The record includes the Report and Recommendation of the Magistrate Judge ("R&R"), which was made in accordance with 28 U.S.C. § 636(b)(1)(B). A petitioner may object, in writing, to an R&R within ten days after being served with a copy of that report. 28 U.S.C. § 636 (b)(1). Petitioner Glaze has filed timely objections to the R&R.

## **HISTORY OF THE CASE**

Petitioner is currently incarcerated in Ridgeland Correctional Institution of the South Carolina Department of Corrections pursuant to orders of commitment from the Clerk of Court of Beaufort County. Petitioner was indicted in November 1998 for two counts of distribution of crack cocaine. Attorney Eve M. Fleming represented Petitioner on these charges. Petitioner entered a guilty plea to both charges on December 16, 1998. During sentencing, Petitioner's attorney, the

1

State, and the court agreed that Petitioner's plea rendered him a three-time offender, as Petitioner was on probation for a South Carolina crack-possession conviction and had a prior conviction from New Jersey for possession of marijuana. Because he was considered a three-time offender, Petitioner's sentence was subject to enhancements. The Honorable Gerald C. Smoak heard and accepted the plea and sentenced Petitioner to ten years imprisonment on each count, concurrent. The court also revoked Petitioner's probation on the existing South Carolina convictions for possession of crack cocaine and unlawful possession of a weapon, and reinstated five years of the sentence, concurrent with the newly imposed sentences.

Petitioner appealed. On February 15, 2000, the appellate court issued an unpublished opinion dismissing the appeal. Petitioner did not seek review from the Supreme Court of South Carolina, and the Court of Appeals issued the remittitur on March 7, 2000.

On May 11, 2000, Petitioner filed a *pro se* application for post-conviction relief ("PCR"), in which he raised the following claims: (a) ineffective assistance of counsel for failing to object to Petitioner's being sentenced as a three-time offender, and (b) involuntary plea. Petitioner asserted that his New Jersey conviction for marijuana possession should not have been considered and that he therefore should have been sentenced as a two-time offender.[1] In the New Jersey trial, Petitioner

---

[1]For a first offense of crack distribution, a person "must be sentenced to a term of imprisonment of not more than fifteen years and fined not less than twenty-five thousand dollars." S.C.Code Ann. § 44-53-375(B)(1) (2002). "[F]or a second offense or if, in the case of a first conviction ... the offender has been convicted of any of the laws of the United States or of any state, territory, or district relating to narcotic drugs, marijuana, depressant, stimulant, or hallucinogenic drugs, the offender must be imprisoned for not more than twenty-five years and fined not less than fifty thousand dollars." S.C.Code Ann. § 44-53-375(B)(2) (2002). "[F]or a third or subsequent offense or if the offender has been convicted two or more times in the aggregate of any violation of the laws of the United States or of any state, territory, or district relating to narcotic drugs, marijuana, depressant, stimulant, or hallucinogenic drugs, the offender must be imprisoned for not more than thirty years and fined not less than one hundred thousand dollars." S.C.Code Ann. § 44-

2

was an indigent defendant who had neither waived his right to counsel nor been afforded counsel by the state. He had spent ten days in jail awaiting trial because he could not post bail, then at sentencing, he was sentenced to "time served." Petitioner argues that this imposition of a "time-served" prison sentence violated *Scott v. Illinois*, 440 U.S. 367, 99 S.Ct. 1158 (1979), in which the United States Supreme Court held that absent a valid waiver, an indigent convicted of a misdemeanor without the assistance of counsel cannot be sentenced to any term of imprisonment. Consequently, Petitioner claimed, under *Nichols v. United States*, 511 U.S. 738, 114 S.Ct. 1921 (1994), the New Jersey marijuana conviction could not constitutionally be used to enhance his South Carolina sentence for crack-distribution.

An evidentiary hearing, at which Petitioner was represented by counsel, was held before the Honorable John M. Milling on September 3, 2002. The PCR court held that the trial counsel was not ineffective for failing to object to Petitioner's being sentenced as a three-time offender. The court held that the sentence for the New Jersey conviction was constitutional under *Scott v. Illinois* and that the conviction was therefore permissibly used for sentence enhancement under *Nichols v. United States*. Thus, the court denied PCR.

Petitioner appealed the decision of the PCR court. The issue on appeal was whether the PCR judge erred in ruling that Petitioner's prior uncounseled conviction for possession of marijuana was a valid conviction for enhancement purposes. The matter was considered by the South Carolina Supreme Court, which affirmed the denial of relief on October 17, 2005. *Glaze v. State*, 366 S.C. 271, 621 S.E.2d 655 (2005).

In his *pro se* petition now before the court, Petitioner raises the following issues:

---

53-375(B)(3) (2002).

3

>**Ground One:** Denied the Actual Effective Assistance of Criminal Defense Attorney.
>**Supporting Facts:** Petitioner's criminal defense attorney rendered the actual ineffective assistance of counsel in failing to object to the offense: distribution of crack cocaine 3rd offense; and failing to object to the uncounsel marijuana prior drug related record.
>**Ground Two:** Involuntary Guilty Plea(s).
>**Supporting Facts:** Petitioner plead guilty of distribution of crack cocaine third offense when this is his first conviction for distribution of illicit drug(s) although he has a history of drug related conviction(s).  The record shows that he was admonished by the criminal trial court on the element(s) of distribution of crack cocaine third offense.

On August 16, 2006, Respondents filed a motion for summary judgment.  Petitioner responded to this motion, and filed his own motion for summary judgment.  The matter was considered by the Magistrate Judge, who found that the state courts' decisions regarding the use of the prior uncounseled conviction to increase Petitioner's sentence exposure was not contrary to and did not involve an unreasonable application of clearly established federal law.  Accordingly, the Magistrate Judge recommended that Respondents' motion for summary judgment be granted, and Petitioner's motion for summary judgment be denied.

## STANDARD OF REVIEW

### A.    Summary Judgment

To grant a motion for summary judgment, this court must find that "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c).  The judge is not to weigh the evidence, but rather to determine if there is a genuine issue of fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).  All evidence should be viewed in the light most favorable to the non-moving

4

party. *See Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990).

### B.  Magistrate Judge's R&R

Pursuant to 28 U.S.C. § 636, a party may object within ten days after being served with a copy of the R&R. Any written objection must specifically identify the portions of the R&R to which objections are made and the basis for those objections. This court is charged with conducting a *de novo* review of any portion of the R&R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that R&R. 28 U.S.C. § 636(b)(1). Courts have held *de novo* review to be unnecessary when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations. *See, e.g.*, *United States v. Mertz*, 376 U.S. 192 (1964); *Howard v. Secretary*, 932 F.2d 505, 508-09 (6th Cir. 1991); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)*; Pendleton v. Rumsfeld*, 628 F.2d 102 (D.C. Cir. 1980).

After a review of the entire record, the R&R, and Petitioner's objections, the court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the court adopts the R&R in whole and incorporates it by specific reference into this Order.

## DISCUSSION

### A.  Habeas Standard of Review

With respect to those claims adjudicated on the merits, habeas relief is warranted only if Petitioner can demonstrate that the state court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

In *Williams v. Taylor*, 529 U.S. 362 (2000), the Supreme Court explained that § 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning. *Id.* at 404-05. A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in controlling cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Id.* at 405-06. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from Supreme Court decisions but unreasonably applies it to the facts of the particular case. *Id.* at 407-08.

"The federal habeas scheme leaves primary responsibility with the state courts for these judgments, and authorizes federal-court intervention only when a state-court decision is objectively unreasonable." *Woodford v. Visciotti*, 123 S. Ct. 357, 360 (2002). "An 'unreasonable application' of federal law is different from an incorrect application of federal law." *Id.*

### B.    Petitioner's Objections

#### (1)    Ground One:  Ineffective Assistance of Counsel

Petitioner objects to the Magistrate Judge's finding that the state court correctly denied Petitioner's claim that trial counsel was ineffective for failing to object to the trial court's sentencing Petitioner as a three-time offender. The court therefore considers whether the state court's holding was contrary to or an unreasonable application of clearly established federal law.

In brief, the South Carolina Supreme Court found that Petitioner's prior uncounseled conviction for possession of marijuana was a valid conviction for enhancement purposes; therefore, trial counsel did not err in failing to object to the three-time offender enhancement. The Court reasoned as follows: Absent a valid waiver, "no person may be imprisoned for any offense whether

a misdemeanor or a felony unless represented by trial counsel." *Glaze*, 366 S.C. at 274, 621 S.E.2d at 656 (citing *Argersinger v. Hamlin*, 407 U.S. 25, 37, 92 S.Ct. 2006, 2012 (1972)). An indigent defendant charged with a misdemeanor need not be appointed counsel where a term of imprisonment is not imposed. *Id.* (citing *Scott v. Illinois*, 440 U.S. 367, 374, 99 S.Ct. 1158, 1162 (1979)). "In other words, actual imprisonment is the event that triggers the right to counsel." *Id.* Moreover, the South Carolina Supreme Court noted that, in the case of *Nichols v. United States*, 511 U.S. 738, 114 S.Ct. 1921 (1994), the Supreme Court held that a prior "uncounseled misdemeanor conviction, valid under *Scott* because no prison term was imposed, is also valid when used to enhance punishment at a subsequent conviction." *Id.*

Applying this federal law to the facts in this case, the South Carolina Supreme Court found that the "proper inquiry under *Scott* is whether the uncounseled misdemeanor conviction actually resulted in confinement." *Glaze,* 366 S.C. at 275, 621 S.E.2d at 657. The Court reasoned that while Petitioner spent ten days in jail in New Jersey, he did so because he was charged with a misdemeanor and could not post bail, not as a result of his uncounseled conviction. Accordingly, Petitioner's "time-served" sentence subjected him to no period of confinement. *Id.* The Court explained that,

> [a]lthough Petitioner was nominally sentenced to prison for an uncounseled conviction, his time-served sentence was not in violation of *Scott*. Petitioner's proposed application of *Scott* and *Nichols* would do nothing to prevent uncounseled losses of liberty. For example, if Petitioner had not been sentenced to time served, but rather to a fine, then he would now have no basis for saying that the marijuana conviction was improperly used for sentence enhancement. A fine for an uncounseled misdemeanor conviction is perfectly valid under *Scott,* so the conviction would have been available as a sentence enhancer under *Nichols.* Nevertheless, Petitioner still would have spent those ten days in jail.

*Id.* Therefore, this prior uncounseled misdemeanor conviction was constitutionally valid under

*Scott*. *Id.* For this reason, the state court found that Petitioner's trial counsel had no reason to object to the sentencing court's use of this conviction to enhance punishment at Petitioner's subsequent conviction. *Id.*

Petitioner objects that the South Carolina Supreme Court's decision constitutes an "unreasonable application of clearly established federal law." He asserts that "what triggers the right to counsel in the lower state court(s) is actual incarceration whether it is pre-trial confinement or time after trial." (Objections at 2.) Accordingly, he asserts the uncounseled New Jersey marijuana conviction that resulted in a "time-served" sentence was unconstitutional such that the sentencing court in this case should *not* have considered it in enhancing his sentence. Petitioner argues that the state court decision that Petitioner's trial counsel was not ineffective for failing to object to Petitioner's being sentenced as a third-time offender "was contrary to, or involved an unreasonable application of, clearly established Federal law."

The court disagrees. The state court identified and properly applied federal law involving ineffective assistance of counsel claims, as well as federal law regarding consideration of a prior uncounseled conviction. Petitioner fails to identify any established federal law supporting his claim that a "time-served" sentence constitutes an imposition of a term of imprisonment such that it may not be imposed absent the benefit of counsel.[2] Accordingly, the court agrees with the recommendation of the Magistrate Judge that this claim fails.

---

[2] While there appears to be no Supreme Court jurisprudence on this issue, at least one other federal district court has clearly held that a sentence for "time served" does not qualify as imposed jail time. *U.S. v. Marvin*, 2002 WL 32350547 (E.D. Pa. June 17, 2002) ("Defendant received a sentence of 15 days jail time credit, "time served" for his New Jersey conviction *which does not qualify as imposed jail time*. Counsel was following the standards established by the Supreme Court and was not ineffective for failing to object to the one level increase due to this conviction.").

8

### (2)	Ground Two:  Involuntary Plea

In ground two of his habeas petition, Petitioner alleges that his guilty plea was involuntary because he pleaded guilty to distribution of crack cocaine third offense "when this is his first conviction for distribution of illicit drug(s) although he has a history of drug related conviction(s)." (Petition at 7.)  The Magistrate Judge found that the court is procedurally barred from considering this grounds for relief because Petitioner did not raise it before the state court.  Moreover, the Magistrate Judge found that, to the extent Petitioner "is alleging that his plea was involuntary because he did not realize the offense would be treated as a third offense and did not realize that he would not be eligible for parole," this claim fails on the merits.  (R&R at 8.)  The Magistrate Judge points out that "the PCR court noted (app. 71-72) that the record from the guilty plea showed that the fact the petitioner was pleading to a third offense was discussed (app. 2-3, 14-15), and defense counsel asked for a lighter sentence because this was a no-parole offense (app. 9)."  Accordingly, the Magistrate Judge found that the PCR court correctly decided that Petitioner understood the elements of the crime, the facts of the crime, and the consequences of pleading guilty.

Petitioner objects "to the 'procedurally bypassed' application." (Objections at 3.) He asserts that he is "actually innocent" of the charge for which he was convicted because "an element of distribution of crack cocaine 3rd offense is two (2) prior convictions of distribution of crack cocaine - no reasonable juror would have convicted him of distribution of crack cocaine 3rd offense." (Objections at 3.)

The court disagrees.  As discussed above, the trial court did not err in considering Petitioner's two prior drug convictions in sentencing Petitioner; accordingly, Petitioner's objection is without merit.

**CONCLUSION**

It is therefore, **ORDERED**, adopting in full the recommendation of the Magistrate Judge, that Respondents' motion for summary judgment is **GRANTED**, and Petitioner's motion for summary judgment is **DENIED**.

**AND IT IS SO ORDERED**.

PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**March 9, 2007**

**NOTICE OF RIGHT TO APPEAL**

Petitioner is hereby notified that he has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Federal Rules of Appellate Procedure 3 and 4.  *See* Fed. R. App. P. 3-4.